DECLARATORY RULING REGARDING ARTICLE IX SECTION 4(d)

ANGELA SHERIGAN, Judge.
Petitioner filed a petition for a Declaratory Judgment on Article IV, Section 4(d) of the Constitution. This Court has authority to hear such matters under Article VI Section 8, and under Article IX, Section 4(c) of the Constitution.
Declaratory Rulings may be given in a case of actual controversy, within the jurisdiction, declaring the rights, status, and other legal relations of parties, whether or not further relief is or could be sought. A declaratory ruling has the force and effect of a final judgment or decree, and is reviewable as such. (28 U.S.C. 2201-2; Federal Rules of Civil Procedure; MCR 2.605)
In this case, the Petitioner is asking the Court for clarification and interpretation of Article IX, Section 4(d), which states: “[Tjribal members who are holding elected office, or running for office, shall not be eligible to serve as an Election Board member”.
In the plain or literal reading of Article DC, Section 4(d) of the Constitution, no person currently seated as an Election Board member could run for that position for a second term, if they are deemed an elected official, unless that person was to resign from the Election Board prior to declaring one’s candidacy;
The Election Board argues that the Election Board members are not “elected *294 officials” per it’s definitions of “elected official” and “elected office” pursuant to the Election Board Regulations. Plaintiff argues that the members are elected officials, holding elected office.
The Election Board pursuant to its authority, has promulgated rules and regulations, and has defined the terms “elected official” and “elected office” at Chapter 1, Section 2(1) of those Regulations as follows:
“Elected Official” or “Elected Office” means any of the following:
“(i) A member of Tribal Council; (ii) the Tribal Ogema; and (iii) a Member of the Tribal judiciary, if elected rather than appointed”
The Election Board argues that it was necessary to define elected official and elected office as it did in order to comply with the intent of the drafters of the amendment to the Constitution.
Questions of interpretation of the Constitution are resolved by the Court. The Court shall be the interpreter of the Constitution. The Court has the power to review and ordinances and resolutions to ensure that they are consistent with the Constitution and to rule void those ordinances and resolutions deemed inconsistent with the Constitution. Article VI, Section 8(a)2,
The Constitution was amended May 13, 2004 to allow for the election of judges and election board members. When a provision is clearly confusing, ambiguous, or in conflict with another provision, the Court shall look to the intent of the drafters. In this instant case, there are several documents that shed light on this issue.
The original language proposed by the Tribal Council for the amendment can be found in Resolution No. 02-0814-03, which states:
“Tribal Members who are holding elected office as Tribal Ogema, a member of Tribal Council or a judicial position, or running for office as Tribal Ogema, a member of Tribal Council, or a judicial position, shall not be eligible to serve as an Election Board member.” (emphasis added,)
which was submitted to the Bureau of Indian Affairs for approval.
The Bureau of Indian Affairs then responded with a letter the Tribal Ogema, Jonnie J. Sam, dated February 13, 2003, suggesting a “technical amendment”. Specifically it suggested that the specific enumerated offices be changed to the general term “elected office” and stated “since we do not know if the membership will vote for the election of Tribal judges, subsection 4(d) should be amended to say ‘Elected Office’ instead of listing all the different positions.”
The Tribe responded to the Bureau by a letter dated August 13, 2003, and signed by the Council Speaker, Stephen Parsons, stating “the intent of the proposed amendment was to provide an opportunity to vote on three actions-1. election of judges and appellate judges; 2, election of election board members; and 3 recall of judges and appellate judges.” It also states at page 2 that “fTJhe Tribal Council accepts the more precise language proposed by the Bureau of Indian Affairs. However, the Tribal Council does not agree with the technical amendments that go beyond the original intent ...”
The intent was clearly to have Election Board members elected. The substantive result of the “technical amendment” was clearly overlooked by both the Tribal Council and the Bureau of Indian Affairs, that was not intended, resulting in an anomaly. No where in the Constitution or in the supporting documentation, is there *295 any mention of term limits on Election Board members. While the plain language of the Constitutional provision would not allow for currently seated Election Board members to run for re-election, it is contrary to the purpose and intent of the amendment creating ambiguity.
Therefore, the Court Declares that Election Board members can run for re-election.
SO ORDERED.